George BURGIN, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. 73072.

Missouri Court of Appeals, Eastern District, Division Two.

April 21, 1998.

Deborah B. Wafer, Dist. Defender, St. Louis, for movant/appellant.

John Munson Morris, III, Asst. Atty. Gen., Catherine B. Chatman, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

Before CRANE, P.J., and RHODES RUSSELL and JAMES R. DOWD, JJ.

PER CURIAM.

On November 6, 1996, movant, George Burgin, pleaded guilty to one count of second degree trafficking, two counts of first degree assault, one count of first degree robbery, and three counts of armed criminal action. The trial court sentenced movant to the following concurrent terms of imprisonment: (1) fifteen years for second degree trafficking; (2) twenty-five years each for the two counts of first degree assault; (3) fifteen years for first degree robbery; and (4) twenty-five years for each for the three counts of armed criminal action. On February 19, 1997 movant filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035. Movant appeals from the judgment denying that motion without a hearing.

On appeal, movant asserts that the motion court clearly erred in denying his claim of ineffective assistance of counsel because his attorney gave him "the impression" he would only receive twenty years. The motion court considered this point on its merits, but denied it without a hearing after finding it refuted by the record. The state argues that movant waived his claim because his Rule 24.035 motion was untimely. Because lack of timeliness is jurisdictional, the state may raise the issue for the first time on appeal. *Marschke v. State*, 946 S.W.2d 10, 11 (Mo.App.1997).

A Rule 24.035 motion must be filed within 90 days of the date a movant is delivered to the custody of the Department of Corrections. Rule 24.035(b). In his *pro se* motion, movant alleged he had been delivered to the Department of Corrections on November 19, 1996. Ninety days from the date of delivery was February 17, 1997. Since February 17th was a holiday (Presidents' Day), his motion was required to have been filed on or before February 18, 1997.

In an introductory paragraph preceding its finding of fact, conclusions of law, and order, the motion court recited that movant had filed his motion on February 17, 1997. However, nothing in the record supports this. February 17th was a holiday. The file stamp on his motion and the court's minute entry show that movant's *pro se* motion was not filed until February 19, 1997. Likewise, in his amended motion movant alleged that he filed his *pro se* motion on February 19, 1997. Movant carries the burden of pleading and proving the timeliness of his motion. *Martin v. State*, 895 S.W.2d 602, 604 (Mo.App.1995). Because movant failed to carry this burden, the motion court clearly erred in considering movant's motion on the merits rather than dismissing it. *See Marschke*, 946 S.W.2d at 12.

The state raised this issue on appeal. However, movant did not file a reply brief refuting the state's contention that his motion was untimely.

The time limits are mandatory and represent a strict guideline for the filing of post-conviction motions. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). Movant's failure to plead and prove a timely motion constitutes waiver of his right to proceed under the rule. *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc 1989), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

The judgment is vacated and remanded for dismissal of the motion under Rule 24.035. *Smith v. State*, 798 S.W.2d 152, 154 (Mo. banc 1990).