Michael T. MANUEL,
Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. ED 95912.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 25, 2011.

Jessica M. Hathaway, Office of the Public Defender, St. Louis, MO, for appellant.

Chris Koster, Attorney General, John M. Reeves, Assistant Attorney General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Movant, Michael T. Manuel, appeals from a judgment denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. We vacate this judgment and remand the cause with directions to dismiss the motion, because movant failed to timely file his original *pro se* motion.

A jury found movant guilty of robbery in the first degree, in violation of section 569.020 RSMo (2000)[1]; three counts of armed criminal action, in violation of section 571.015; assault in the second degree, in violation of section 565.060; and child kidnapping, in violation of 565.115, all arising out of the robbery and stabbing of a woman and the subsequent theft of her car, in which the woman's young child was a passenger. The trial court found movant to be a persistent offender and sentenced him to consecutive and concurrent terms of imprisonment for a total of forty-two years. We affirmed movant's convictions and sentences on direct appeal. *State v. Manuel,* 283 S.W.3d 313 (Mo.App.2009). We issued our mandate on June 18, 2009.

Ninety-one days later, on September 17, 2009, movant filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence under Rule 29.15. Appointed counsel subsequently filed an amended motion and request for an evidentiary hearing, alleging ineffective assistance of appellate counsel. The state filed a motion requesting the dismissal of movant's motion for untimeliness, and movant filed a memorandum in opposition. After a hearing, the motion court issued an order denying the amended Rule 29.15 motion without findings of fact or conclusions of law.

■ Movant appeals from this order. The state responds that the motion court's judgment denying the motion should be vacated and remanded with directions to dismiss the motion because movant's *pro se* motion was untimely. We agree.

■ Rule 29.15(b) requires: "If an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed *within 90 days* after the date the mandate of the appellate court is issued affirming such judgment or sentence." (emphasis added) The time limits of Rule 29.15 are constitutional, valid, and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). Courts are without authority to extend time limits beyond those set forth in Rule 29.15 and are compelled to dismiss an untimely motion even if it is otherwise meritorious. *Gehrke v. State,* 280 S.W.3d 54, 57 (Mo. banc 2009); *State v. Brooks,* 960 S.W.2d 479, 499 (Mo. banc 1997). A movant's failure to file a motion within the time provided by Rule 29.15 constitutes a complete waiver of any right to proceed under Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to Rule 29.15(b). *Moore v. State,* 328 S.W.3d 700, 702 (Mo. banc 2010). "[A]n untimely *pro se* motion for post-

---

1. All further statutory references are to RSMo 2000.

conviction relief is a fatal defect that cannot be cured by filing a timely amended motion." *Swofford v. State*, 323 S.W.3d 60, 62 (Mo.App.2010).

In his brief, movant acknowledges his motion was untimely, but seeks reversal on the merits without providing any argument explaining why his appeal should not be dismissed. In response to the state's motion to dismiss filed in the motion court, movant argued that the motion court no longer lacked jurisdiction to hear his untimely motion after *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), citing *Andrews v. State*, 282 S.W.3d 372, 374 n. 3 (Mo.App.2009). He further argued that his failure to timely file was due to circumstances outside of his control because he was placed in administrative segregation on July 17, 2009, without access to legal materials. He alleged that he filed a request for his legal materials on August 9, 2009, and obtained them on August 21, 2009.

Movant's first argument to the motion court had no merit. Even though the time constraints of Rule 29.15 are no longer considered a jurisdictional prerequisite, those time limits must still be enforced. *See Swofford*, 323 S.W.3d at 62–64.

■ Movant's second argument to the motion court likewise had no merit. Movant contended his administrative segregation constituted "circumstances outside of [his] control," citing *Howard v. State*, 289 S.W.3d 651, 653–54 (Mo.App.2009), and *McFadden v. State*, 256 S.W.3d 103, 108 (Mo. banc 2008). In *Howard*, a motion that was timely placed in the correctional center's mailroom was rerouted for nearly two months because the correctional center failed to follow its own mailing procedures. 289 S.W.3d at 653–54. In *McFadden*, which was decided on abandonment grounds, the court noted two cases similar to *Howard*, in which the respective movants had timely prepared and mailed their *pro se* motions, but other circumstances had caused the motions not to be timely received in the proper courts. *McFadden*, 256 S.W.3d at 108–09. This case does not fall within the rare circumstances in which late receipt of an otherwise timely prepared and mailed motion does not require dismissal. Here, there was no allegation that the motion was mailed in sufficient time but other circumstances delayed the delivery of movant's motion to the court for filing. Movant had ninety days, from June 18, 2009, until September 16, 2009, to file his motion. He was not placed in administrative segregation until July 17, 2009. He did not request his records until August 9, 2009. He received his records on August 21, 2009. Movant's administrative segregation did not constitute circumstances outside his control that prevented him from timely filing his motion.

■ The valid and mandatory time limits in Rules 24.035 and 29.15 "serve the legitimate end of avoiding delay in the processing of prisoners['] claims and prevent the litigation of stale claims." *Day*, 770 S.W.2d at 695. In this case, movant waived his right to proceed with his post-conviction motion because he did not timely file his *pro se* motion. *See* Rule 29.15(b). We have the authority to enforce the Rule 29.15 time limits by vacating the judgment and ordering the motion dismissed.

*Conclusion*

The judgment of the motion court is vacated, and the cause remanded with directions to dismiss movant's Rule 29.15 motion.

LAWRENCE E. MOONEY, J. and KENNETH M. ROMINES, J., concur.