Michael J. BARNES, Movant/Appellant,

v.

**STATE of Missouri, Respondent/Respondent.**

**No. ED 97070.**

Missouri Court of Appeals, Eastern District, Division Three.

April 17, 2012.

Robert W. Lundt, St. Louis, MO, for Movant/Appellant.

Timothy A. Blackwell, Jefferson City, MO, for Respondent/Respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Michael J. Barnes (Movant) appeals from the motion court's judgment denying, without an evidentiary hearing, his amended Rule 24.035[1] Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing. We vacate the motion court's judgment and remand the cause with directions to dismiss Movant's motion because he failed to timely file his *pro se* motion.

---

1. All rule references are to Mo. R.Crim. P.2010.

## Factual and Procedural Background

On January 22, 2009, Movant pleaded guilty to one count each of assault in the second degree (Count I), unlawful use of a weapon (Count II), and felony resisting arrest (Count III). The court accepted Movant's plea as voluntary and sentenced him to five years for Count I and four years each for Counts II and III, all sentences to be served concurrently for a total of five years. The court suspended execution of Movant's sentence and placed him on probation for five years.

On December 3, 2009, Movant appeared before the court for violating his probation. He waived his hearing; his probation was revoked; and his previously imposed sentence was executed.

Movant was delivered to the custody of the Department of Corrections on December 9, 2009. He filed his *pro se* Rule 24.035 post-conviction motion on July 28, 2010. On October 2, 2010, Movant's appointed counsel filed his amended post-conviction motion, alleging Movant's guilty plea was not voluntarily, knowingly and intelligently made because his attorney coerced him into pleading guilty.

The motion court entered its judgment denying Movant relief without an evidentiary hearing, finding Movant failed to show his attorney did not provide reasonably effective assistance such that he was prejudiced. This appeal follows.

## Point Relied On

On appeal, Movant argues the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because he alleged facts not conclusively refuted by the record which, if proven, would entitle him to relief in that he alleged his attorney coerced him to plead guilty by threatening to withdraw because Movant did not pay enough money to go to trial and threatening to leave Movant in custody until she could find time to try his case. Movant contends that but for his attorney's coercion, he would not have pleaded guilty and would have insisted on proceeding to trial.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). This Court will find error only if we have a "definite and firm belief that a mistake has been made." *Mackley v. State*, 331 S.W.3d 733, 734 (Mo.App. E.D.2011).

## Discussion

■ Rule 24.035(a) allows a person who pleads guilty to a felony who claims that the conviction or sentence violates the constitution and laws of Missouri to seek post-conviction relief in the sentencing court. If a person does not appeal the judgment, then he shall file a motion to vacate, set aside or correct judgment or sentence "within 180 days of the date the person is delivered to the custody of the department of corrections." *Bond v. State*, 326 S.W.3d 828, 830 (Mo.App. E.D.2010). Rule 24.035(b) further states that "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035."

When a Rule 24.035 motion "is filed outside the time limits, the motion court is compelled to dismiss it." *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009). "The movant is responsible for filing the original motion, and a lack of legal assistance does not justify an untimely filing." *Id.* This Court is "authorized to consider and act on the untimeliness of a post-conviction motion whether or not the state raised the

issue in the motion court or on appeal because the state cannot, by failing to object, waive a movant's noncompliance with the time constraints of the post-conviction relief rules." *Swofford v. State*, 323 S.W.3d 60, 63 (Mo.App. E.D.2010).

Recently, the Supreme Court of Missouri confirmed that to be entitled to an evidentiary hearing under Rule 24.035, a movant must allege facts showing a basis for relief, and a movant "must also allege facts establishing that the motion is timely filed." *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012).

> In addition to proving his substantive claims, the movant must show he filed his motion within the time limits provided in the Rule.... The movant must allege facts showing he timely filed his motion and meet his burden of proof by either: (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion.

*Id.*

■ On January 22, 2009, Movant pleaded guilty and the court imposed sentence, yet suspended its execution and placed Movant on probation. Movant's probation was revoked, and on December 3, 2009, Movant's sentence was executed. According to both Movant's *pro se* and amended post-conviction relief motions, Movant was delivered to the custody of the Department of Corrections on December 9, 2009. Movant's *pro se* motion was filed on July 28, 2010, which is 231 days after being delivered to the custody of the Department of Corrections. Because Rule 24.035 requires a movant file his motion

for post-conviction relief "within 180 days of the date the person is delivered to the custody of the department of corrections," and Missouri courts have consistently held that the time for filing runs from the *initial* delivery of a person to the Department of Corrections, *Bond*, 326 S.W.3d at 831, Movant's 180–day window for timely filing opened on December 9, 2009 and closed on June 7, 2010. His motion was, therefore, untimely. Accordingly, Movant waived his right to proceed with his Rule 24.035 motion, and the motion must be dismissed. *Mackley*, 331 S.W.3d at 735.

*Conclusion*

The motion court's judgment is vacated and this cause is remanded with directions to the trial court to dismiss Movant's Rule 24.035 motion.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.