LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, J., concur.

Lawrence MITCHELL,
Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. ED 97690.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 20, 2012.

Jessica M. Hathaway, Loyce A. Hamilton, Office of the State Public Defender, St. Louis, MO, for appellant.

Chris Koster, Attorney General, Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Movant, Lawrence Mitchell, appeals from a judgment denying on the merits his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. We vacate the judgment and remand the cause with directions to dismiss the motion, because movant failed to timely file his original *pro se* motion.

A jury found movant guilty of attempt to commit forcible rape, in violation of sections 566.030 and 564.011 RSMo (2000), arising out of the attack of a woman in her home. The trial court found the defendant to be a prior offender and sentenced him to life imprisonment. We affirmed movant's conviction and sentence on direct appeal. *State v. Mitchell*, 312 S.W.3d 474 (Mo.App.2010). We issued our mandate on July 1, 2010.

One hundred thirty days later, on November 8, 2010, movant filed *a pro se* motion to vacate, set aside, or correct the judgment or sentence under Rule 29.15. Appointed counsel subsequently filed an amended motion and request for an evidentiary hearing, alleging ineffective assistance of trial counsel. The motion court denied the request for an evidentiary hearing and entered findings of fact, conclusions of law, and judgment denying the *motion on the merits.*

Movant appeals from this order. The state responds that the motion court's judgment denying the motion should be vacated and remanded with directions to dismiss the motion because movant's *pro se* motion was not timely filed within 90 days after the date of the mandate. We agree.

 "If an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed *within 90 days* after the date the mandate of the appellate court is issued affirming such judgment or sentence." Rule 29.15(b) (emphasis added). The time limits of Rule 29.15 are constitutional, valid, and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). Courts have no authority to extend the time limits in Rule 29.15 beyond those set forth, and they must dismiss an untimely motion even if it otherwise has merit. *Gehrke v. State,* 280 S.W.3d 54, 57 (Mo. banc 2009); *State v. Brooks,* 960 S.W.2d 479, 499 (Mo. banc 1997). A movant's failure to file a motion within the time provided by Rule 29.15 constitutes a complete waiver of any right to proceed under Rule 29.15 and of any claim that could be raised in a motion filed pursuant to Rule 29.15. Rule 29.15(b). According to the language of Rule 29.15(b), by failing to timely file, a movant completely waives his or her right to proceed in a claim for post-conviction

relief. *Dorris v. State,* 360 S.W.3d 260, 268 (Mo. banc 2012). " '[A]n untimely *pro se* motion for post-conviction relief is a fatal defect that cannot be cured by filing a timely amended motion.' " *Manuel v. State,* 351 S.W.3d 240, 241–42 (Mo.App. 2011); *Swofford v. State,* 323 S.W.3d 60, 62 (Mo.App.2010). Moreover, the state cannot waive a movant's noncompliance with the time limits in Rule 29.15. *Dorris,* 360 S.W.3d at 268. We are "authorized to consider and act on the untimeliness of a post-conviction motion whether or not the state raised the issue in the motion court or on appeal." *Barnes v. State,* 364 S.W.3d 765, 766–67 (Mo.App.2012).

 When a movant files a Rule 29.15 motion, the movant must allege facts (1) showing a basis for relief, and (2) establishing that the motion is timely filed. *Dorris,* 360 S.W.3d at 267. The movant has the burden to prove the motion was timely filed. *Id.* A movant may meet this burden of proof by (1) demonstrating that the time stamp on the file reflects that the original *pro se* motion was filed within the time limits proscribed by the rule, (2) alleging and proving by a preponderance of the evidence that he or she falls within a recognized exception to the time limits, or (3) alleging in his or her amended motion and proving by a preponderance of the evidence that the court misfiled the motion. *Id.*

 In his amended motion, movant alleged that he timely filed a *pro se* Rule 29.15 motion on August 28, 2009. However, there is no docket entry of such a filing in the minutes. Rather, the minutes reveal that August 28, 2009, was the date on which movant was sentenced and on which judgment was entered against movant in the trial court. The *pro se* motion was file-stamped on November 8, 2010. On appeal, movant does not persist with his claim that he filed his *pro se* motion on

August 28, 2009. Rather, in the jurisdictional statement in his brief, movant states that he filed his *pro se* motion "under Rule 29.15 on November 8, 2010." Movant does not otherwise argue that this date was timely or that his motion was timely-filed on any other basis.

 The valid and mandatory time limits in Rules 24.035 and 29.15 "serve the legitimate end of avoiding delay in the processing of prisoners['] claims and prevent the litigation of stale claims." *Day,* 770 S.W.2d at 695. Here, movant waived his right to proceed with his post-conviction motion because he did not timely file his *pro se* motion. *Dorris,* 360 S.W.3d at 268; *Manuel.* 351 S.W.3d at 242. We must enforce the Rule 29.15 time limits by vacating the judgment and ordering the motion dismissed. *Manuel,* 351 S.W.3d at 242.

*Conclusion*

The judgment of the motion court is vacated, and the cause remanded with directions to dismiss movant's Rule 29.15 motion.

MARY K. HOFF and LISA VAN AMBURG, JJ., concur.