**Russell Wayne JOHNSTON,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

**No. SD 32025.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 2013.

Rosalynn Koch, Columbia, MO, for Appellant.

Todd T. Smith, Jefferson City, MO, for Respondent.

DON E. BURRELL, J.

Russell Wayne Johnston ("Movant") appeals the dismissal with prejudice of his Rule 24.035 motion to set aside his amended convictions and sentences for forgery and felonious restraint [1] ("the *pro se* motion"). Because the *pro se* motion was untimely, and Movant did not allege circumstances beyond his control that prevented a timely filing, we affirm the dismissal.

## Background

In separate criminal cases, Movant was charged with forging an endorsement on a Division of Employment Security check and feloniously restraining a woman. On April 15, 2008, Movant pleaded guilty to both crimes, entering an "*Alford* plea" [2] to the felonious restraint offense and directly admitting the forgery. The plea court accepted Movant's guilty pleas, announced consecutive sentences of seven years for forgery and four years for felonious restraint, then suspended the execution of the sentences and placed Movant on a five-year term of probation.

On June 23, 2008, the plea court revoked Movant's probation in each case and executed his previously suspended sentences. The judgment in the forgery case stated, *inter alia*, that Movant was "committed to the **Shock Incarceration Program** [under section 559.115]. The Department of Corrections ["DOC"] shall provide a report and recommendation whether probation should be granted." (Bolding as stated in original.) A subsequently amended judgment in the felonious restraint case also included: "Shock Incarceration 559.115—Yes[.] Report due 10–20–08[.]" Docket entries indicate that the plea court entered orders denying probation in each case on September 26, 2008.

On October 14, 2008, Movant timely filed a *pro se* Rule 24.035 motion which asserted ineffective assistance of counsel in that his attorney, among other things, caused him "to believe [he] was getting a lesser sentence." The motion alleged that Movant was delivered to DOC on June 27, 2008. Appointed counsel thereafter filed an amended motion on Movant's behalf. A docket entry indicates that on November 16, 2010, the prosecutor appeared, and a "Stipulation and Order" ("the stipulation") was "signed and filed." [3] The stipulation bore the signature of the judge, counsel for Movant, and the prosecutor. The stipulation stated that "[t]he parties agree that

---

1. *See* sections 570.090.1 and 565.120. Unless otherwise indicated, all rule and form references are to Missouri Court Rules (2012). Reference to section 570.090.1 is to RSMo Cum.Supp.2011. All other statutory references are to RSMo 2000.

2. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

3. A transcript of this proceeding was not included in the legal file.

in lieu of an evidentiary hearing, [Movant's] sentence ... [for] one count of forgery, shall be amended from seven (7) years to six (6) years, and that [Movant's] sentence ... [for] one count of felonious restraint, shall be amended from four (4) years to three (3) years. [Movant's] amended sentence shall total nine (9) years."

The stipulation was accompanied by the following affidavit executed by Movant on November 12, 2010:

I, [Movant], acknowledge that I have instructed my attorney, [attorney's name], to accept a two-year reduction in my combined sentences of the 11–year term of imprisonment I received in [the underlying case numbers].

Further, I acknowledge this negotiated settlement will be instead of a hearing and constitute my sole relief in the two aforementioned cases. Additionally, I have advised my attorney that I do not wish to be present in court on November 16, 2010. This affidavit makes clear my wishes.

A copy of the stipulation and supporting affidavit were attached to amended judgments and sentences the plea court entered on November 16, 2010. The amended judgments reflected an "amended sentence per stipulation; DOC 6 Yrs" in the forgery case and "amended sentence per stipulation: DOC 3 yrs" in the felonious restraint case.[4]

On June 10, 2011—206 days after Movant's amended sentences were entered—Movant filed the *pro se* motion at issue in this appeal. Using the appropriate blanks on Criminal Procedure Form No. 40 (*see* Rule 24.035(b)), Movant stated, *inter alia,* that he had not appealed his convictions, and he asserted the following grounds for setting aside his amended sentences:

8. (a) Ineffective assistance of counsel. Counsel refused to look back into the 120 shock that was taken.

(b) On April 15, 2008, I was sentenced to a 120 shock, followed by a 5 year [sic] probation. Upon being sent to D.O.C., approximately 90 days later, Probation & Parole recommended to the judge that my 120 be denied, and changed my plea agreement that we agreed upon at my sentencing.[5]

The motion alleged no facts that would explain why the motion was filed more than 180 days after Movant's amended sentences were entered.

In lieu of filing an amended motion, appointed motion counsel filed a statement under Rule 24.035(e) that he had reviewed Movant's case and had determined that there were no additional claims to be raised or additional facts known to counsel that would support Movant's *pro se* claims. The statement also disclosed that

in candidness with the [c]ourt, pursuant to Rule 4–3.3(a)(3), Movant filed his Criminal Procedure Form 40 206 days following the amendment to his sentence. Rule 24.035(b) requires the filing to be within 180 days of new sentence being entered. The rule states it is a complete waiver to untimely file. This aspect of the rule was recently reaffirmed by the Missouri Supreme [C]ourt in

---

4. Movant makes no claim of error based on his absence from the hearing during which his amended sentences were entered, and we express no opinion regarding the plea court's authority to enter the amended sentences.

5. The *pro se* motion did acknowledge that a previous motion had been filed claiming that the "[p]lea agreement [was] violated by the courts[,]" and the previous motion resulted in an "[a]mended sentenced[, November] 16, 2010" wherein the "[court] ordered 1 year off of each sentence."

*Dorris v. State,* [360 S.W.3d 260 (Mo. banc 2012) ].

The motion court thereafter dismissed the *pro se* motion with prejudice, and this appeal timely followed.[6]

### Applicable Principles of Review and Governing Law

■ Under Rule 24.035(b), a motion to set aside a new sentence in cases not involving a direct appeal must be filed "within 180 days of the later of: (1) The date the person is delivered to the custody of [DOC]; or (2) The date the new judgment or sentence was final for purposes of appeal." Rule 24.035(b). "In a criminal case, the judgment becomes final for purposes of appeal when the judgment and sentence are entered." *State v. Hotze,* 250 S.W.3d 745, 746 (Mo.App. E.D.2008). A movant's failure to file an original post-conviction motion within the time allowed by Rule 24.035 amounts to "a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." Rule 24.035(b); *see also Dorris,* 360 S.W.3d at 267.

■ "[T]o be entitled to an evidentiary hearing under Rule 24.035, a movant must allege facts showing a basis for relief," *Barnes v. State,* 364 S.W.3d 765, 767 (Mo.App. E.D.2012), and he must allege facts demonstrating that his motion was timely filed. *Id.; see also Dorris,* 360 S.W.3d at 267. A movant's allegation of timely filing may be demonstrated by the time stamp on the motion itself. *Dorris,* 360 S.W.3d at 267. Alternatively, a movant may allege facts in the motion that would satisfy recognized exceptions to compliance with the time limit or allege that the court misfiled the original motion. *Id.* Two exceptions have been recognized for late filings: "(1) when post-conviction counsel abandons the movant; and (2) when rare circumstances outside the movant's control justify late receipt of the motion." *Moore v. State,* 328 S.W.3d 700, 702 (Mo. banc 2010) (construing a Rule 29.15 motion).

■ "It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—even if the State does not raise the issue." *Dorris,* 360 S.W.3d at 268. "Where a motion for post-conviction relief is not timely filed (and the movant has failed to plead any facts excusing the untimely filing under the recognized exceptions), the motion court has no choice but to dismiss the motion." *Lilly v. State,* 374 S.W.3d 390, 394 (Mo.App. W.D.2012); *see also Barnes,* 364 S.W.3d at 767 (an untimely post-conviction "motion must be dismissed").

### Analysis

■ Movant's point on appeal contends the motion court erred by denying him an evidentiary hearing on his claim "that the court violated the plea agreement" because "he had not received the benefit of his plea bargain in that he had not been placed on probation as promised[.]"[7] The *pro se*

---

6. The docket entry did not indicate why the *pro se* motion was dismissed.

7. It is unclear from Movant's point and its supporting argument whether the alleged violation of the plea agreement relates to the sentences entered on June 23, 2008, the denial of Movant's release onto probation on September 26, 2008, or the entry of the amended sentences on November 16, 2010. But we need not resolve the ambiguity to determine whether the motion court erred in dismissing Movant's untimely motion. Because the *pro se* motion was untimely, we also do not reach the State's alternative argument that "[t]he record shows [Movant] voluntarily entered into an agreement for reduced prison sen-

motion was file-stamped June 10, 2011: 1,078 days after he was delivered to DOC and 206 days after his amended sentences were entered. The *pro se* motion did not indicate why it was being filed more than 180 days after Movant's amended sentences were entered. It did not claim that Movant qualified for any applicable exception to the strict time requirements of Rule 24.035. Motion counsel's statement in lieu of an amended motion noted the untimeliness of the *pro se* motion, and it further stated that motion counsel was unaware of any additional facts or claims that could be raised.

As a result, the motion court was required to dismiss the *pro se* motion on the ground that it was untimely. *See Dorris,* 360 S.W.3d at 267; *Lilly,* 374 S.W.3d at 394; *Barnes,* 364 S.W.3d at 767. Movant's point is denied, and the motion court's dismissal is affirmed.

JEFFREY W. BATES, J. and DANIEL E. SCOTT, P.J., concur.

tences" and that the supporting "documents

plainly do not promise probation."