Terrion L. JONES, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 98474.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 12, 2013.

Edward Scott Thompson, Missouri Public Defender Office, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Todd Tyler Smith, Assistant Attorney General, Jefferson City, MO, for Respondent.

## OPINION

MARY K. HOFF, Judge.

Terrion L. Jones (Movant) appeals from the motion court's Findings of Fact, Conclusions of Law, and Judgment (Judgment) denying, without an evidentiary hearing, his amended Rule 24.035 Motion to Vacate, Set Aside or Correct Judgment and Sentence and Request for Evidentiary Hearing. We vacate the motion court's judgment and remand the cause with directions to dismiss Movant's motion because he failed to timely file his *pro se* motion.

### Factual and Procedural Background

On December 20, 2010, Movant pleaded guilty to one count each of first-degree burglary (Count I), in violation of Section 569.160, RSMo 2000 [1], stealing under $500 (Count II), in violation of Section 570.030, and forcible sodomy (Count III), in violation of Section 566.060. The trial court accepted Movant's plea as voluntary and sentenced him as follows: five-years' imprisonment for Count I to run consecutive with Count III but concurrent with Count II, twelve-months' imprisonment for Count II to run consecutive with Count III but concurrent with Count I, and twenty-five-years' imprisonment for Count III to run consecutive to Counts I and II.

Movant was delivered to the custody of the Department of Corrections on February 23, 2011. He filed his *pro se* Rule 24.035 post-conviction motion on September 9, 2011. On September 27, 2011, the motion court appointed post-conviction counsel to represent Movant. On November 17, 2011, following an entry of appearance and the request for an additional 30 days to file an amended motion, Movant's request was granted. On January 26, 2012, post-conviction counsel filed an amended motion and request for evidentiary hearing.

The motion court denied the request for an evidentiary hearing and entered its Findings of Fact, Conclusions of Law, and Judgment denying the motion on the merits. This appeal follows.

### Standard of Review

■ Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). This Court will find error only if we have a "definite and firm belief that a mistake has been make." *Barnes v. State*, 364 S.W.3d 765, 766 (Mo. App. E.D.2012).

### Discussion

In his sole point on appeal, Movant argues the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because the record does not establish a factual basis for Movant's plea of guilty to the crime of first-degree burglary. The State responds that the motion court's judgment denying the motion should be remanded with directions

---

1. Unless otherwise indicated, all further statutory references are to RSMo 2000.

to dismiss the motion because Movant's *pro se* motion was not timely filed within 180 days after the date Movant was delivered to the custody of the department of corrections. We agree.

Under Rule 24.035, a person who pleads guilty to a felony and who claims that the conviction or sentence violates the constitution and laws of Missouri may seek postconviction relief in the sentencing court. Rule 24.035(a). If the person does not appeal the judgment or sentence sought to be vacated, set aside or corrected, the "motion shall be filed *within 180 days* of the date the person is delivered to the custody of the department of corrections." Rule 24.035(b) (emphasis added). "Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." *Id.*

■ When a Rule 24.035 motion "is filed outside the time limits, the motion court is compelled to dismiss it." *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009). "The movant is responsible for filing the original motion, and a lack of legal assistance does not justify an untimely filing." *Id.* "An untimely *pro se* motion for post-conviction relief is a fatal defect that cannot be cured by filing a timely amended motion." *Mitchell v. State*, 386 S.W.3d 198, 200 (Mo.App. E.D.2012). This Court is "authorized to consider and act on the untimeliness of a post-conviction motion whether or not the State raised the issue in the motion or on appeal because the State cannot, by failing to object, waive a movant's noncompliance with the time constraints of the post-conviction relief rules." *Barnes*, 364 S.W.3d at 766–767.

■ When a movant files a Rule 24.035 motion, the movant must allege facts that show a basis for relief, and

establish that the motion is timely filed. *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012). The movant has the burden of proof to show the motion was timely filed. *Id.* A movant may meet this burden of proof by (1) demonstrating that the time stamp on the file reflects that the original *pro se* motion was filed within the time limits proscribed by the rule, (2) alleging and proving by a preponderance of the evidence that he or she falls within a recognized exception to the time limits, or (3) alleging in his or her amended motion and proving by a preponderance of the evidence that the court misfiled the motion. *Id.*

■ According to Movant's amended post-conviction relief motion, Movant was delivered to the custody of the Department of Corrections on February 23, 2011. The *pro se* motion was file-stamped on September 9, 2011, which is 198 days after Movant was delivered to the custody of the Department of Corrections. Movant does not otherwise argue that this date was timely or that his motion was timely filed on any other basis.

The constitutionally valid and mandatory time limits in Rule 24.035 "serve the legitimate end of avoiding delay in the processing of prisoners['] claims and prevent the litigation of stale claims." *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). Here, Movant did not file his original *pro se* motion within 180 days after his delivery to the custody of the Department of Corrections, and did not allege any facts to show that the motion was timely on any other grounds. Movant, therefore, failed to meet his burden of proof to show that his motion was timely filed. *Dorris*, 360 S.W.3d at 267. Accordingly, Movant waived his right to proceed with his Rule 24.035 motion, and the motion must be dismissed. *Barnes*, 364 S.W.3d at 767.

*Conclusion*

The motion court's judgment is vacated, and the cause is remanded with directions to dismiss Movant's Rule 24.035 motion.

KATHIANNE KNAUP CRANE, Presiding Judge and LISA S. VAN AMBURG, concur.