

# In the Missouri Court of Appeals
# Eastern District

### DIVISION III

| | | |
|---|---|---|
| JAMES LENOIR, | ) | No. ED100731 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | |
| | ) | Honorable Kenneth W. Pratte |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: November 12, 2014 |

### Introduction

Appellant James Lenoir ("Lenoir") appeals from the judgment of the motion court dismissing his Rule 24.035[1] motion for post-conviction relief as untimely without an evidentiary hearing. Lenoir alleges that the motion court clearly erred in dismissing his Rule 24.035 motion without conducting an evidentiary hearing as to whether his late filings might be excused by circumstances beyond his control. Because Lenoir failed to meet his burden of proof to show that his motion was timely filed, he waived his right to proceed with his Rule 24.035 motion, and the motion was properly dismissed by the motion court. Affirmed.

---

[1] All rule references are to Mo. R. Crim. P. (2013).

Factual and Procedural Background

On December 16, 2011, Lenoir pleaded guilty to committing violence upon an employee of the Department of Corrections in St. Francois County. The trial court sentenced Lenoir to ten years of imprisonment but suspended execution of the sentence and placed Lenoir on probation. That same day, Lenoir also pleaded guilty to one count of committing violence upon an employee of the Department of Corrections and one count of second degree assault upon a law enforcement officer in an unrelated case. The trial court sentenced Lenoir to concurrent sentences of ten years and seven years, respectively, but suspended execution of the sentences and placed Lenoir on probation. On August 1, 2012, the trial court revoked Lenoir's probation in both cases and executed the previously imposed sentences.

Lenoir was delivered to the Missouri Department of Corrections on August 2, 2012. Lenoir filed a *pro se* Rule 24.035 motion in both cases, which were received by the circuit clerk on May 1, 2013, 272 days after Lenoir had been delivered to the Missouri Department of Corrections. That same day, Lenoir was appointed post-conviction counsel on both cases by the motion court.

On July 19, 2013, before Lenoir filed an amended motion for post-conviction relief, the motion court dismissed the post-conviction motions filed by Lenoir in both cases as untimely filed after finding that Lenoir's *pro se* motions were filed more than 180 days after his delivery to the Missouri Department of Corrections. On August 15, 2013, Lenoir filed motions under Supreme Court Rule 78.07 to vacate the judgment and reopen or modify the judgment in each case. Lenoir acknowledged that he missed the 180-day deadline for timely filing his Rule 24.035 motion, but argued that circumstances beyond his control justified his late filing, and thus his case met one of the narrow exceptions to the mandatory time requirements for filing a post-

conviction motion. In his Rule 78.07 motion, Lenoir alleged he was placed in administrative segregation immediately upon delivery to the Department of Corrections. Because of his administrative segregation, Lenoir had to go through the Department's legal claim procedures in order to obtain a Form 40 so that he might timely file his post-conviction motion under Rule 24.035. Lenoir further alleged that due to a staffing shortage at the prison, only one caseworker was assigned to the segregation unit until April 2013, which delayed him in acquiring the services of a notary necessary to file his Rule 24.035 motion. Lenoir requested an evidentiary hearing to address the issue of the timeliness of his motion.

The motion court took no action on Lenoir's motions filed under Rule 78.07. This appeal follows.

### Point on Appeal

In his sole point on appeal, Lenoir argues that the motion court erred in dismissing his Rule 24.035 motion without an evidentiary hearing as to whether Lenoir's late filings might be excused by circumstances beyond his control. Lenoir asserts that the motion court should have granted him an evidentiary hearing so that he could prove his circumstances fell within a recognized exception to the mandatory time limits.

### Standards of Review

Review of a motion court's disposition of a Rule 24.035 motion is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). Jones v. State, 394 S.W.3d 475, 476 (Mo. App. E.D. 2013). This Court will find error only if we are left with a definite and firm belief that a mistake has been made. Barnes v. State, 364 S.W.3d 765, 766 (Mo. App. E.D. 2012).

3

<u>Discussion</u>

Under Rule 24.035, a person who pleads guilty to a felony and who claims that the conviction or sentence violates the Constitution and laws of Missouri may seek post-conviction relief in the sentencing court. Rule 24.035(a). If the person does not appeal the judgment or sentence sought to be vacated, set aside or corrected, the "motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." Rule 24.035(b). "Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." <u>Id.</u>

The time limits of Rule 24.035 are constitutional and mandatory, representing a strict guideline for the filing of post-conviction motions. <u>Mitchell v. State</u>, 14 S.W.3d 672, 673 (Mo. App. E.D. 2000). Thus, when a movant files a motion for post-conviction relief under Rule 24.035, he or she must allege facts establishing that the motion is timely filed. <u>Dorris v. State</u>, 360 S.W.3d 260, 267 (Mo. banc 2012). The Supreme Court has recognized only three ways in which a post-conviction movant may meet this burden:

> (1) by filing the original pro se motion timely so that the file stamp on the motion reflects that it is filed within the time limits proscribed in the rule;
> (2) alleging ***in the original pro se motion*** and proving by a preponderance of the evidence that the movant's circumstances fall within a recognized exception to the time limits; or
> (3) alleging in the amended motion and proving by a preponderance of the evidence that the circuit court misfiled the motion.

<u>Vogl v. State</u>, 437 S.W.3d 218, 226 (Mo. banc 2014) (emphasis added). If the timely filing of an original post-conviction motion is not proven, the motion court should dismiss the motion without considering its merits. <u>Mitchell</u>, 14 S.W.3d at 673.

4

It is not disputed that Lenoir filed his motions for post-conviction relief outside of the mandatory 180-day time limit proscribed in Rule 24.035. Nor is it disputed that Lenoir, in his original *pro se* motion, did not allege any facts which, if true, could establish that his circumstances fell within a recognized exception to the time limit.[2] Despite his failure to prove the timeliness of his motion through one of the only three ways recognized by the Supreme Court in Vogl, Lenoir now argues that the motion court should have afforded him another opportunity to prove that his late filing was excusable by granting him an evidentiary hearing.

Lenoir's argument is without merit. The motion court has the duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules. Dorris, 360 S.W.3d at 268. Thus, once the motion court determined Lenoir's Rule 24.035 motion was filed out of time, it was obligated to dismiss the motion. Mitchell, 14 S.W.3d at 673. Because Lenoir failed to meet his burden of proof to show that his motion was timely filed, he waived his right to proceed with his Rule 24.035 motion, and the motion was properly dismissed by the motion court. Jones, 394 S.W.3d at 477.

## Conclusion

The judgment of the motion court is affirmed.

Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

---

[2] Lenoir's *pro se* motion makes no mention of the fact that it is untimely filed.