

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | |
|---|---|
| ALEJO A. HAMILTON, | ) No. ED110209 |
| | ) |
| Appellant, | ) Appeal from the Circuit Court of |
| | ) the City of St. Louis |
| vs. | ) |
| | ) Honorable Steven R. Ohmer |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) Filed: September 27, 2022 |

### Introduction

Alejo Hamilton ("Movant") pled guilty to second-degree murder, first-degree attempted robbery, armed criminal action, unlawful possession of a firearm, attempted possession of a controlled substance, and two counts of armed criminal action. The motion court denied his Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1] Movant appeals the motion court's judgment and raises two Points. In Point I, Movant argues the motion court clearly erred because his punishment was grossly disproportionate to the punishment received by his codefendant. In Point II, Movant argues the motion court clearly erred because the State used inconsistent theories of prosecution by prosecuting him and dismissing all charges against a similarly situated codefendant.

---

[1] All Rule citations are to the Missouri Supreme Court Rules (2021), unless otherwise indicated.

We vacate the motion court's judgment and remand the cause with directions to dismiss Movant's motion because he failed to timely file his *pro se* motion.

**Factual and Procedural Background**

On May 27, 2015, Movant and Eugene Johnson went to buy marijuana. The two entered the back seat of Victim's vehicle. Victim was in the driver's seat and Victim's girlfriend was in the front passenger seat. During the drug transaction, Movant drew a gun and attempted to rob Victim. Movant shot Victim in the forehead. Movant and Johnson fled the scene. Victim later died of his gunshot wound. The State initially filed an indictment charging Johnson in relation to the crime, but later dismissed the charges.

On November 9, 2015, the State filed an indictment charging Movant with six counts of criminal conduct: in Count I, murder in the first-degree; in Counts II and VIII, armed criminal action; in Count VII, attempted robbery in the first degree; in Count IX, unlawful possession of a firearm; and in Count X, attempted possession of a controlled substance.

On January 26, 2018, Movant pled guilty to Count I: second-degree murder, in violation of section 565.021;[2] Count II: armed criminal action, in violation of section 571.015; Count VII: first-degree attempted robbery, in violation of sections 564.011 and 569.020; Count VIII: armed criminal action, in violation of section 571.015; Count IX: unlawful possession of a firearm, in violation of section 571.070, RSMo Cum. Supp. 2010; and Count X: attempted possession of a controlled substance, in violation of sections 564.011 and 195.202, RSMo Cum. Supp. 2011. The plea court accepted the plea and on the same day sentenced Movant to a total term of imprisonment of twenty-five years at the Department of Corrections, all sentences to run concurrently: twenty-five years Count I; twenty-five years Count II; fifteen years Count VII; twenty-five years Count VIII; four years Count IX; and four years Count X. On January 31,

---

[2] All statutory citations are to RSMo (2000), unless otherwise indicated.

2018, Movant was delivered to the Department of Corrections to serve his sentence. Movant never filed a direct appeal.

On April 5, 2021, Movant filed his *pro se* motion in the circuit court seeking relief under Rule 29.12(b). The State challenged Movant's *pro se* motion arguing it did not state a cause of action under Rule 24.035. On April 19, 2021, the motion court appointed post-conviction counsel to represent Movant. On May 11, 2021, motion counsel entered her appearance and requested an additional thirty days to file Movant's amended motion. On September 20, 2021, Movant filed an amended Rule 24.035 motion and requested an evidentiary hearing. The motion court denied Movant's request for an evidentiary hearing and denied the motion for post-conviction relief.

This appeal follows.

**Standard of Review**

Our review of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). "The motion court's findings are presumed correct." *Davis v. State*, 486 S.W.3d 898, 905 (Mo. banc 2016) (citing *Johnson v. State*, 406 S.W.3d 892, 898 (Mo. banc 2013)). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013) (citing *Taylor v. State*, 382 S.W.3d 78, 80 (Mo. banc 2012)). "This Court defers to the motion court's superior opportunity to judge the credibility of witnesses." *Davis*, 486 S.W.3d at 905 (quoting *Barton v. State*, 432 S.W.3d 741, 760 (Mo. banc 2014)). "After a guilty plea, our review is limited to a determination of whether the movant's plea was knowing and voluntary." *Taylor*

*v. State*, 456 S.W.3d 528, 533 (Mo. App. E.D. 2015) (citing *Loudermilk v. State*, 973 S.W.2d 551, 553 (Mo. App. E.D. 1998)).

**Discussion**

*Point I: Grossly Disproportionate Punishment to Codefendant*

In Point I, Movant claims the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because his punishment was grossly disproportionate to the punishment received by his codefendant, violating his rights to due process of law, to equal protection of the law, and to fair and impartial sentencing. Movant argues it was "grossly disproportionate for Mr. Johnson to receive no sentence for his complicity and participation" compared to Movant receiving a twenty-five-year sentence. Movant admits his total twenty-five-year sentence is within the statutory ranges of punishment for the offenses for which he was convicted. Movant also admits a "sentence within the range of punishment prescribed by statute generally will not be found excessive, or grossly disproportionate, to the crime committed." *State v. Denzmore*, 436 S.W.3d 635, 644 (Mo. App. E.D. 2014) (citing *Burnett v. State*, 311 S.W.3d 810, 814 (Mo. App. E.D. 2009)). Movant further acknowledges a sentence will only be found grossly disproportionate in "exceedingly rare" and "extreme" cases. *Burnett*, 311 S.W.3d at 814 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). Movant also admits unless the sentence is grossly disproportionate to the crime committed, "comparison to sentences given to other defendants for the same or similar crime is irrelevant." *State v. Lee*, 841 S.W.2d 648, 654 (Mo. banc 1992) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1004–05 (1991)). Movant argues his punishment was grossly disproportionate because Johnson was an accomplice to the crime leading to Victim's death and received no punishment. Movant admits he "can find no Missouri law prohibiting similarly-situated codefendants from receiving sentences that are grossly

4

disproportionate to each other." Movant argues however, "fundamental fairness" should require similarly situated defendants to not receive grossly disparate sentences. Movant argues because his sentence was "fundamentally unfair," because he received punishment grossly disproportionate to the punishment received by Johnson, his constitutional rights were violated and this Court must reverse the motion court's judgment, vacate Movant's sentences, and resentence him, or remand for an evidentiary hearing.

The State responds the motion court erred in considering the merits of Movant's Rule 24.035 motion because the motion court lacked authority to hear Movant's amended motion. The State argues the motion court lacked authority because Movant's initial *pro se* motion was untimely filed and was not substantially in the form of Criminal Procedure Form No. 40. The State argues, if no appeal of judgment or sentence is taken in the original conviction, Rule 24.035(b) provides a "motion shall be filed within 180 days of the date of the sentence is entered." The State argues a failure to file within the time provided "shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." Rule 24.035(b). The State argues the time limits provided are "constitutional, mandatory, and represent a strict guideline for filing of post-conviction motions." *Walker v. State*, 626 S.W.3d 331, 333 (Mo. App. E.D. 2021) (citing *Burgin v. State*, 969 S.W.2d 226, 227 (Mo. App. E.D. 1998); and then citing *Mitchell v. State*, 386 S.W.3d 198, 200 (Mo. App. E.D. 2012)). The State argues it is the court's duty to enforce the statutorily set time limits and the complete waiver. *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012). The State then cites *Burgin* where the Movant filed his *pro se* motion one day late, and this Court found the movant did not plead and prove a timely motion, thus waiving his right to proceed under Rule 24.035. 969 S.W.2d at 227. The State argues here, Movant

admittedly filed his *pro se* motion, "without excuse, three years, two months, and [ten] days late." The State argues because Movant filed his *pro se* motion late, Movant completely waived his right to proceed under Rule 24.035.

The State also argues the motion court lacked authority because Movant's *pro se* motion was not "substantially in the form of Criminal Procedure Form No. 40." The State argues Rule 24.035(b) requires a person seeking relief under Rule 24.035 must file their motion "substantially in the form of Criminal Procedure Form No. 40." The State cites *White v. State* where a prisoner initially sent a letter to a trial court informing it of his intention to file a Form 40 to undo his guilty plea. 91 S.W.3d 154, 156 (Mo. App. W.D. 2002). The prisoner later untimely filed a *pro se* motion, but argued his letter substantially complied with Form 40 making his motion timely. The Court of Appeals held the letter did not contain the information required in a Form 40 and thus could not be considered a *pro se* motion or substitute the untimely *pro se* motion. The State argues the *pro se* motion Movant untimely filed did not contain the information required in a Form 40 because it did not claim ineffective assistance of counsel or challenge the legality of Movant's sentence when he pled guilty. The State further argues the *pro se* motion did "not provide his place of detention; the name and location of the court which imposed the sentence; the date which sentence was imposed or the terms of the sentence; the date upon which Defendant was delivered to the department of corrections; how the finding of guilty was made (i.e., plea or trial); if he filed an appeal; facts, names and addresses of witnesses, or evidence he intended to rely on; if he raised the claim in any other proceeding prior to filing his motion; if he was represented by an attorney in the underlying case; or if he is under sentence from any other court that he has not challenged." The State argues because Movant filed his *pro se* motion late, completely waiving his right to proceed under Rule 24.035, and because

6

Movant's *pro se* motion was not substantially in the form of Criminal Procedure No. 40, the motion court lacked authority to adjudicate the motion.

A person seeking relief under Rule 24.035 must move to vacate, set aside, or correct the judgment or sentence within the stated time limits. Rule 24.035(b). If the person did not appeal their judgment or sentence, "the motion shall be filed within 180 days of the date the sentence is entered." *Id.* "Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." *Id.* Complete waiver is "a total, absolute relinquishment of a legal right." *Dorris*, 360 S.W.3d at 267–68. Thus, a movant completely waives his right to continue his post-conviction relief claims by failing to timely file. *Id.* at 268. In other words, "[a]n untimely *pro se* motion for post-conviction relief is a fatal defect that cannot be cured by filing a timely amended motion." *Jones v. State*, 394 S.W.3d 475, 477 (Mo. App. E.D. 2013) (quoting *Mitchell v. State*, 386 S.W.3d 198, 200 (Mo. App. E.D. 2012)). The time limitations in Rule 24.035 are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). This Court must enforce the mandatory time limits and the resulting complete waiver dictated in Rule 24.035, even where the State does not raise the issue. *Dorris*, 360 S.W.3d at 268; *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014); *Goldberg v. State*, 635 S.W.3d 599, 603 (Mo. App. E.D. 2021).

Courts recognize few exceptions excusing late filings. A late filing of an amended motion may be excused when post-conviction counsel abandons the movant. *Price*, 422 S.W.3d at 298. Additionally, in the rare circumstance where "an inmate prepares the motion and does all he reasonably can do to ensure" it is timely filed, "any tardiness that results solely from the active

7

interference of a third party beyond the inmate's control may be excused" and the waivers imposed not enforced. *Id.* at 301.

In filing a Rule 24.035 motion, the movant must allege facts showing he filed his motion within the specified time limits. *Dorris*, 360 S.W.3d at 267; *Jones*, 394 S.W.3d at 477. The movant can meet his burden of proof by:

> (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion.

*Dorris*, 360 S.W.3d at 267; *Goldberg*, 635 S.W.3d at 605; *Jones*, 394 S.W.3d at 477.

Here, Movant filed his *pro se* motion outside of the mandatory time limits. Movant was sentenced January 26, 2018, and filed his *pro se* motion 1,165 days later on April 5, 2021. Movant concedes in Appellant's Brief the initial *pro se* motion was untimely. Additionally, Movant argues no applicable exception excusing his tardiness. Movant admits there was no excuse provided for the untimely filing. This ends our inquiry.[3] Movant waived his right to proceed with his Rule 24.035 motion and the motion must be dismissed. The motion court's judgment is vacated, and the cause is remanded with directions to dismiss Movant's Rule 24.035 motion.

Point I is denied.

*Point II: Inconsistent Theories of Prosecution*

In Point II, Movant claims the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because the State used inconsistent theories of prosecution by

---

[3] Movant initially filed a Rule 29.12(b) motion, but later amended it to a Rule 24.035 motion. Even if we looked to the timing in filing a Rule 29.12(b) motion (no time limitation), movants may not "bypass the time limitations of Rule 24.035 by using other procedures to obtain review of their convictions and sentences," such as a Rule 29.12(b) motion for plain error review. *State v. Vickery*, 878 S.W.2d 460, 462 (Mo. App. E.D. 1994). Thus, the outcome would not change.

prosecuting him and dismissing all charges against his similarly-situated codefendant, violating his right to due process of law, right to persist in his plea of not guilty, right against self-incrimination, and right to a jury trial under the Sixth and Fourteenth Amendments to the United State Constitution, and Article I, sections 10, 18(a), 19, and 22(a) of the Missouri Constitution. Movant argues there is a "reasonable probability" he would not have pled guilty, and "that the State's case against him would have been dismissed or that he would have received a more favorable disposition that the one he received." Movant argues prosecutors cannot use factually contradictory theories to convict two or more defendants in prosecutions for the same offenses arising out of the same events because it violates principles of due process. *Bankhead v. State*, 182 S.W.3d 253, 258 (Mo. App. E.D. 2006); *see also Smith v. Groose*, 205 F.3d 1045, 1052 (8th Cir. 2000). Movant argues prosecutors may not use inconstant theories to prosecute two defendants for the same crime in separate prosecutions. *Thompson v. Calderon*, 120 F.3d 1045, 1058 (9th Cir. 1997), *rev'd on other grounds*, *Calderon v. Thompson*, 523 U.S. 538 (1998); *see also United States v. Bakshinian*, 65 F.Supp.2d 1104, 1110–11 (D. Cal. 1999) (citing *Thompson*, 120 F.3d at 1058); *see also United States v. GAF*, 928 F.2d 1253, 1260 (2d Cir. 1991). Movant argues the inconsistency must "exist at the core of the prosecutor's cases against the two defendants for the same crime" and "error must have rendered unreliable the . . . conviction." *Clay v. Bowersox*, 367 F.3d 993, 1004 (8th Cir. 2004) (citing *Smith*, 205 F.3d at 1052). Movant argues here, the prosecutor used inconsistent theories of prosecution because the prosecutor initially charged Movant and Johnson as acting together in committing the crimes, but later chose to only prosecute Movant as if Movant "had acted alone in the commission of the offenses." Movant argues because the prosecutor used inconsistent theories of prosecution, by "prosecuting one defendant but not the other," Movant's constitutional rights were violated and

this Court must reverse the motion court's judgment and vacate his convictions and sentences, or remand for an evidentiary hearing.

The State's argument is the same as described in Point I.

Because Point I is dispositive, we decline to address Point II. Movant waived his right to proceed with his Rule 24.035 motion and the motion must be dismissed.

## Conclusion

The motion court's judgment is vacated, and the cause is remanded with directions to dismiss Movant's Rule 24.035 motion.

_____
Philip M. Hess, Judge

Kelly C. Broniec, P.J. and
James M. Dowd, J. concur.

10