**Darius NICHOLSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. SC 86143.

Supreme Court of Missouri,
En Banc.

Dec. 21, 2004.

S. Kristina Starke, Assistant Public Defender, St. Louis, Lew A. Kollias, Appellate/PCR Division Director, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Shaun J. Mackelprang, Andrea M. Follett, Assistant Attorneys General, Jefferson City, for respondent.

RICHARD B. TEITELMAN, Judge.

Darius Nicholson filed a *pro se* motion for post-conviction relief under Rule 29.15. The circuit court dismissed Nicholson's motion as untimely. The judgment is reversed.

### FACTS

Nicholson was convicted in the circuit court of Cape Girardeau County of murder in the second degree, armed criminal action and robbery in the first degree. He was sentenced to concurrent terms of life imprisonment for murder, 30 years of imprisonment for armed criminal action and 30 years imprisonment for robbery. Nicholson's convictions and sentences were affirmed on appeal. *State v. Nicholson,* 84 S.W.3d 491 (Mo.App.2002). The mandate issued on October 9, 2002.

Under Rule 29.15(b), Nicholson had to file his motion within 90 days of the issuance of the mandate affirming his convictions and sentences. The 90–day time period for filing a timely Rule 29.15 motion expired on January 7, 2003.

On January 6, 2003, Nicholson filed his *pro se* Rule 29.15 motion for post-conviction relief in the circuit court of the City of St. Louis. However, under Rule 29.15(a), the proper venue for the motion was in Cape Girardeau County. The circuit court of the City of St. Louis forwarded the motion to the circuit court of Cape Girardeau County, but the motion was not received until January 9, 2003, two days after the January 7, 2003 filing deadline. The motion court dismissed Nicholson's Rule 29.15 motion with prejudice, finding that it was untimely filed, thus depriving the court of jurisdiction.

### ANALYSIS

Appellate review is limited to determining whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(k). Findings of fact and conclusions of law are clearly erroneous only if after a review of the whole record, the Court is "left with a definite and firm impression that a mistake has been made." *State v. Taylor,* 929 S.W.2d 209, 224 (Mo. banc 1996).

Section 476.410 provides that a "court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to the division or circuit in which it could have been brought." The statute gives the circuit court in which a pleading was erroneously filed "limited jurisdiction ... to transfer any case filed in an improper venue to any circuit court otherwise designated by the legislature to hear the particular matter." *State ex rel. Director of Revenue v. Gaertner,* 32 S.W.3d 564, 567–68 (Mo. banc 2000). Rule

51.10 requires the court to which an action is transferred to treat the action "as if it had originated in the receiving court." Accordingly, section 476.410 and Rule 51.10 required the circuit court of Cape Girardeau County to treat Nicholson's motion as if it were timely filed on January 6, 2003.

■ The state attempts to avoid this conclusion by arguing that Rule 51.10 is inapplicable because it is contrary to the mandatory filing periods of Rule 29.15. Rules of civil procedure apply to Rule 29.15 motions "insofar as applicable." Rule 29.15(a). To determine whether a rule of civil procedure is applicable to a Rule 29.15 motion, the court must inquire as to whether the rule of procedure "enhances, conflicts with, or is of neutral consequence to the purposes of" Rule 29.15. *Thomas v. State,* 808 S.W.2d 364, 366 (Mo. banc 1991).

■ Rule 29.15 is designed to avoid "delay in the processing of prisoners' claims and prevent the litigation of stale claims." *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989). Applying Rule 51.10 does not conflict with the Rule 29.15 filing periods because it simply allows review of a motion filed within the Rule 29.15 filing periods but filed in an incorrect court. A Rule 29.15 motion, whether filed in a proper or an improper court, is still considered untimely if filed after the filing period expired. Rule 51.10 applies to Nicholson's motion.

■ The judgment is reversed, and the case is remanded.[1]

WHITE, C.J., WOLFF, STITH, PRICE and LIMBAUGH, JJ., and HARDWICK, Sp.J., concur.

RUSSELL, J., not participating.

---

1. In addition to the mechanical application of statutes and procedural rules, this conclusion is further supported by the practical implications of holding otherwise. An incarcerated person seeking post-conviction relief must prepare and file his or her motion only "with such help as he can obtain within the prison walls or the prison system." *Johnson v. Avery,* 393 U.S. 483, 488, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). It would be patently unfair to prohibit incarcerated, *pro se* litigants from availing themselves of section 476.410 and Rule 51.10 while permitting other civil litigants to have their cases transferred to an appropriate venue. Given the facts of this case, there is no legal or just basis for holding Mr. Nicholson to a higher standard of legal competence than that of experienced attorneys representing clients in other civil matters.