Peter J. **SABATUCCI**, Movant–
Appellant,

v.

**STATE of Missouri**, Respondent–
Respondent.

**No. SD 30380.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 19, 2010.

---

Melinda K. Pendergraph, Columbia, for Appellant.

Chris Koster, Atty. General, Mary H. Moore, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Peter J. Sabatucci ("Movant") seeks judicial review of the dismissal of his Rule 24.035[1] motion for post-conviction relief.

A person seeking post-conviction relief under Rule 24.035 is required, among other things, to timely file a motion in the sentencing court. Rule 24.035(b). The motion court dismissed Movant's post-conviction motion after finding that the circuit court of Newton County was not Movant's sentencing court. Movant had pled guilty to, and was sentenced for, the underlying charges in the circuit court of McDonald County. Movant contends the trial court erred by dismissing his Rule 24.035 post-conviction motion instead of transferring the motion to McDonald County. The State agrees, as do we.

Missouri's rules of civil procedure apply to Rule 24.035 motions "insofar as applicable." Rule 24.035(a). Section 476.410 provides that a "court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought." This statute gives a circuit court " 'limited jurisdiction . . . to transfer any case filed in an improper venue to any circuit court' " where venue is proper. *Nicholson v. State*, 151 S.W.3d 369, 370 (Mo. banc 2004) (quoting *State ex rel. Director of Revenue v. Gaertner*, 32 S.W.3d 564, 567–68 (Mo. banc 2000)). The court to which an action is transferred is required to treat the action "as if it had originated in the receiving court." Rule 51.10.

The correct procedure for disposing of a Rule 24.035 motion that is timely filed in an improper venue is transfer of the case to the correct venue, where the cause will relate back and be treated as if it originated in the correct venue. *See Nicholson*, 151 S.W.3d at 370–71 (using identical analysis as applied to Rule 29.15 post-conviction motions).

---

1. All references to rules are to Missouri Court Rules (2010), and all references to statutes are to RSMo 2000, unless otherwise specified.

The judgment is reversed and remanded with instructions to transfer the case to the circuit court of McDonald County.

SCOTT, C.J., and BATES, J., concur.