Jimmie Lee TALLEY, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. SD 31527.

Missouri Court of Appeals,
Southern District,
Division Two.

May 24, 2013.

William J. Fleischaker of Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., of Jefferson City, MO, Division II, for Respondent.

## JEFFREY W. BATES, J.

Jimmie Talley (Talley) appeals from an order dismissing his Rule 29.15 motion for post-conviction relief without conducting an evidentiary hearing.[1] The motion court concluded that: (1) Talley's initial Rule 29.15 motion was filed after the time to do so had expired; and (2) his motion requesting leave to file the Rule 29.15 motion out of time did not allege facts falling within a recognized exception to the filing

---

1. All references to rules are to Missouri Court Rules (2012). All references to statutes are to RSMo (2000).

deadline. Because the trial court's conclusions are not clearly erroneous, we affirm.

## Background

Talley was convicted of statutory sodomy, and we affirmed that conviction on appeal. *See State v. Talley*, 258 S.W.3d 899 (Mo.App.2008). · Our mandate was issued on August 19, 2008. In order to be timely, Talley's initial Rule 29.15 motion had to be filed within 90 days after we issued our mandate affirming Talley's conviction. *See* Rule 29.15(b). That 90–day period expired on November 17, 2008.

On June 24, 2011, Talley's attorney filed an initial Rule 29.15 motion requesting post-conviction relief and a motion requesting leave to file the post-conviction relief motion out of time. The latter motion contained the following allegations:

1. At the sentencing hearing, the trial judge told Talley that he had 180 days after he went to prison to file his Rule 29.15 motion.

2. Talley hired appellate counsel to appeal the conviction.

3. On April 19, 2008, Talley's appeal bond was revoked.

4. On May 19, 2008, Talley was incarcerated at the Jasper County Jail.

5. On August 1, 2008, the Southern District issued an opinion, affirming Talley's conviction.

6. Appellate counsel said he would attempt to get the Supreme Court of Missouri to transfer the case, but he never did so.

7. On August 19, 2008, the Southern District issued its mandate affirming the conviction and sent it to the Jasper County Circuit Clerk.

8. On September 11, 2008, Talley was delivered to the Missouri Department of Corrections (DOC). Talley did not receive a copy of the mandate and did not know it had issued.

9. After Talley was delivered to the DOC, he was made aware that he could seek post-conviction relief by filing a Form 40 challenging trial counsel's effectiveness. Talley was advised that he could not file the Form 40 until a mandate was issued and that he had 90 days thereafter to file the Form 40.

10. Until the end of February 2009, appellate counsel continued to state that he had filed a motion for transfer with our Supreme Court.

11. In February 2009, Talley's wife became concerned that the Supreme Court had denied the appeal. She told Talley that he needed to file a Form 40.

Based upon these allegations, Talley asserted that he could demonstrate rare circumstances outside of his control that justified the late filing of his Rule 29.15 motion. The motion court decided that Talley's post-conviction motion was not timely filed and that the motion for leave to file out of time did not contain allegations that came within any recognized exception to the filing deadline. This appeal followed.

## Applicable Principles of Review

We review the ruling on a motion for post-conviction relief to determine whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); *Kirk v. State*, 360 S.W.3d 859, 861 (Mo.App.2011). "A motion court's findings and conclusions are clearly erroneous only if the Court, after reviewing the entire record, is left with the definite and firm impression that a mistake has been made." *Gehrke v. State*, 280 S.W.3d 54, 56 (Mo. banc 2009); *Kirk*, 360 S.W.3d at 861.

■ *Dorris v. State*, 360 S.W.3d 260 (Mo. banc 2012), contains the following summary of the law that must be applied to determine whether a movant is entitled to an evidentiary hearing on his Rule 29.15 motion:

> In a motion filed pursuant to Rule 29.15, the movant must allege facts showing a basis for relief to entitle the movant to an evidentiary hearing. *Pollard v. State*, 807 S.W.2d 498, 501 (Mo. banc 1991). The movant also must allege facts establishing that the motion is timely filed. The movant then must prove his allegations. Rule 29.15(i); Rule 24.035(i) ("The movant has the burden of proving the movant's claims for relief by a preponderance of the evidence."). In addition to proving his substantive claims, the movant must show he filed his motion within the time limits provided in the Rules. The movant must allege facts showing he timely filed his motion and meet his burden of proof by either: (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion.

*Id.* at 267. "Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." Rule 29.15(b). If a Rule 29.15 motion is not timely filed, the motion court must dismiss the motion without addressing the merits of the post-conviction claims. *See Miller v. State*, 386 S.W.3d 225, 227 (Mo.App.2012).

## Discussion and Decision

■ Because Talley appealed his conviction, his initial Rule 29.15 motion had to be filed within 90 days after the issuance of a mandate affirming his conviction. That time period expired on November 17, 2008. *See* Rule 29.15(b). The June 24, 2011 time stamp on Talley's motion shows that it was not filed within the time limit set by Rule 29.15(b). *See Mitchell v. State*, 386 S.W.3d 198, 200–01 (Mo.App. 2012). Talley does not contend that the motion court misfiled the motion. Therefore, Talley was not entitled to an evidentiary hearing on the merits of his post-conviction motion unless he alleged facts falling within another recognized exception to that time limit. *See Dorris*, 360 S.W.3d at 267. In addition to misfiling by the motion court, two such judicially created exceptions have been recognized: "(1) when post-conviction counsel abandons the movant; and (2) when rare circumstances outside the movant's control justify late receipt of the motion." *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010); *see also McFadden v. State*, 256 S.W.3d 103, 108–09 (Mo. banc 2008); *Wiley v. State*, 368 S.W.3d 236, 238 (Mo.App.2012).

Talley concedes the abandonment exception is inapplicable because this case does not involve improper acts or omissions of post-conviction counsel. In Talley's lone point on appeal, he contends the motion court clearly erred in dismissing his Rule 29.15 motion as untimely because he alleged facts bringing himself within the "rare circumstances" exception to the time limit in Rule 29.15(b).

Rare circumstances beyond a movant's control have been recognized as an exception to the timely filing rule in post-conviction cases. *See Nicholson v. State*, 151 S.W.3d 369 (Mo. banc 2004); *Howard v. State*, 289 S.W.3d 651 (Mo.App.2009);

*Spells v. State,* 213 S.W.3d 700 (Mo.App. 2007). All of these cases, however, are factually distinguishable from the case at bar.

In *Nicholson,* the movant was required to file his Rule 29.15 motion by January 7, 2003, in the Circuit Court of Cape Girardeau County, where venue lay. Movant sent his *pro se* motion to the Circuit Court of the City of St. Louis, where it was received on January 6th. The motion was forwarded to Cape Girardeau, where it was received and file-stamped on January 9th. The motion court dismissed the motion as untimely. *Nicholson,* 151 S.W.3d at 370. Our Supreme Court held that, pursuant to § 476.410 and Rule 51.10, the Circuit Court of Cape Girardeau was required to treat the movant's motion as if it had been timely filed on January 6th. *Id.* at 371.

In *Spells,* the movant was required to file his Rule 29.15 motion by July 6, 2005. At the time the movant was convicted, the address of the Lafayette County Circuit Court was P.O. Box 340. The movant mailed his *pro se* motion to that address. The court's address, however, had changed to P.O. Box 10. The post office returned the motion to the movant as undeliverable because the court's forwarding order had expired. The movant corrected the address and mailed his motion to P.O. Box 10, where it was received on July 13th. The motion court dismissed the motion as untimely. *Spells,* 213 S.W.3d at 701. The eastern district of this Court held, under these unusual circumstances, the movant's motion should be treated as timely filed because: (1) there was no indication that the movant intended to cause the delay; (2) he used an address which had been correct when his direct appeal was filed; and (3) the court's forwarding order expired the day before the post office received the movant's motion. *Id.* at 701–02.

In *Howard,* the movant was required to file his Rule 29.15 motion by February 13, 2007. He delivered the motion to the prison mail room on January 25th and asked that the motion be sent by certified mail. Prison staff failed to do so, despite standard operating procedures requiring them to comply with the movant's request. The movant's motion was not filed until March 14th. The motion court dismissed the motion as untimely. *Howard,* 289 S.W.3d at 651–52. The eastern district of this Court held that these facts fell within the "rare set of circumstances" exception because "Movant's motion was delinquent through no fault of his own." *Id.* at 654.

Talley argues that the allegations in his motion to file out of time fall within the rare circumstances exception because the alleged events were outside of his control. He relies upon his allegations that: (1) appellate counsel provided misleading information causing Talley to believe that an application for transfer had been filed with the Supreme Court of Missouri and that no mandate had issued; (2) he never received a copy of this Court's mandate; and (3) the trial judge incorrectly advised Talley that he had 180 days after delivery to the DOC to file his post-conviction motion. We find no merit in these arguments.

First, Talley's allegations concerning his appellate counsel do not state facts warranting relief. Talley has cited no case, and we are aware of none, which holds that the actions of a movant's attorney can fall within the "rare circumstances" exception to the timely filing requirement. Instead, existing case law permits a lawyer's actions to excuse a late filing only when movant demonstrates abandonment by post-conviction counsel. *See Moore,* 328 S.W.3d at 702–03 (holding that appellate counsel has no duty to represent a movant in post-conviction proceedings, notify the movant of his post-

conviction rights or inform the movant when mandate has issued).

 Second, Talley's allegations that he never received a copy of the mandate do not state facts warranting relief. According to Talley's motion to file out of time, he was told in February 2009 by his wife to begin preparing a Form 40 because she suspected that her husband's appeal had been denied. Talley's Rule 29.15 motion was filed over two and one-half years later. That long, unexplained delay persuades us that the allegations in Talley's motion to file out of time are insufficient to invoke the rare circumstances exception to the timely filing requirement. In *Nicholson*, *Spells* and *Howard*, the movant had prepared a Form 40 and attempted to file the motion prior to the expiration of the filing deadline. In each case, circumstances beyond the movant's control prevented the timely filing. No such circumstances are present in the case at bar.

 Third, Talley's allegations that he was not given correct information by the trial court do not state facts warranting relief. Talley's argument rests upon two unstated premises: (1) the sentencing judge's instructions were incorrect because they did not address the applicable time limitation for filing an initial motion after mandate issued; and (2) Talley would have followed that instruction if it had been given. Based upon our review of the record before us, the second premise fails. Talley's motion included an attached Exhibit A, which was one page from the sentencing hearing transcript. This exhibit shows Talley was told that he could "file a motion to vacate this sentence, *which is waived if not filed within 180 days from the date you are sent to prison.*" (Emphasis added.) Talley was delivered to the DOC on September 11, 2008. He did not file his initial Rule 29.15 motion within 180 days thereafter. Thus, the record reveals that Talley did not follow the one clear timing instruction that he received from the sentencing judge. Talley fails to persuade us—as is his burden—that he would have followed a different timing instruction relating to the issuance of mandate, especially given his unexplained two-and-a-half-year delay in filing the instant motion. Therefore, any omission in the sentencing judge's instructions did not prejudice Talley or cause him to file his initial Rule 29.15 motion out of time. Talley's point on appeal is denied.

After reviewing the entire record, we are not left with a definite and firm belief that a mistake has been made. *See Kirk v. State*, 360 S.W.3d 859, 866 (Mo.App. 2011); Rule 29.15(k). Therefore, we affirm the motion court's order dismissing Talley's post-conviction motion because it was not timely filed.

DANIEL E. SCOTT, P.J. and MARY W. SHEFFIELD, J., concur.