

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| CASEY LANGHANS, | ) | No. ED103611 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | |
| | ) | Honorable Nathan B. Stewart |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: October 18, 2016 |

## Introduction

Casey Langhans ("Langhans") appeals from the judgment of the motion court denying his amended Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. In his sole point on appeal, Langhans argues that the motion court clearly erred in denying him an evidentiary hearing, in that the record did not conclusively refute his ineffective assistance of counsel claim. Because Langhans did not file his initial pro se Rule 24.035 motion within 180 days of his first delivery to the Missouri Department of Corrections, his amended Rule 24.035 motion was untimely and therefore barred. Accordingly, we vacate the judgment of the motion court and remand the cause to the motion court with directions to enter an order dismissing Langhans's amended Rule 24.035 motion as untimely.

---

[1] All rule references are to Mo. R. Crim. P. (2015).

<u>Factual and Procedural History</u>

The State charged Langhans with one count of second-degree robbery ("Count I") and with one count of second-degree assault ("Count II"). Langhans pled guilty to both counts under a plea agreement. The plea agreement provided that, in exchange for Langhans's guilty plea, the State would recommend ten years' imprisonment for Count I with no objection to sentencing pursuant to Section 559.115.[2] Under Section 559.115, the circuit court could release Langhans on probation after his successful completion of a 120-day treatment program with the Missouri Department of Corrections. For Count II, the plea agreement recommended a consecutive five-year prison sentence, but with the execution of the sentence suspended.

After a plea hearing, the circuit court accepted Langhans's guilty plea on both counts. The circuit court sentenced Langhans pursuant to the plea agreement and applied Section 559.115 to Count I's sentence. On or about June 17, 2013, Langhans was delivered to the Missouri Department of Corrections to complete the 120-day treatment program for the sentence on Count I. Langhans successfully completed the 120-day treatment program, resulting in his release from custody and the circuit court ordered supervised probation for the sentence on Count I.

Within a year of Langhans's release from prison, the State sought revocation of his probation based on purported violations to the terms of his probation. At the resulting probation revocation hearing, the circuit court revoked Langhans's probation and ordered the execution of the sentences on both Count I and Count II. As a result, Langhans was delivered to the Missouri Department of Corrections on November 7, 2014.

---

[2] All statutory references are to RSMo (Cum. Supp. 2012).

2

On February 9, 2015, Langhans filed a pro se motion for post-conviction relief asserting ineffective assistance of counsel. After amendment, Langhans's Rule 24.035 motion alleged that his counsel was ineffective in that plea counsel failed to communicate to him the recommendation of Langhans's father on the plea agreement. Specifically, Langhans argued that because he had difficulty communicating with plea counsel and comprehending the proceedings in his case, he needed his father's assistance in order to facilitate his ability to render a voluntary guilty plea. Langhans avers that plea counsel did not inform him of his father's recommendation to reject the plea agreement and that plea counsel led him to believe that his father instead approved of the plea agreement. Consequently, Langhans insists that, but for plea counsel's ineffectiveness, he would have rejected the plea agreement based on his father's recommendation and assistance in understanding his case.

After addressing the merits of the motion and finding that the record conclusively refuted Langhans's contentions, the motion court denied Langhans's amended Rule 24.035 motion in its entirety without an evidentiary hearing. This appeal follows.

## Points on Appeal

In his sole point on appeal, Langhans asserts that the motion court clearly erred in denying his ineffective assistance of counsel claim without an evidentiary hearing, in that the record did not conclusively refute his contention that plea counsel failed to inform him of his father's recommendation to reject the plea agreement.

## Discussion

Before reaching the merits of Langhans's amended Rule 24.035 motion, we must first address the timeliness of the motion. Pettry v. State, 345 S.W.3d 335, 337 (Mo. App. E.D. 2011). Langhans maintains that his amended Rule 24.035 motion was timely for his conviction on Count II as he filed his initial pro se motion on February 9, 2015—within 180 days of his

3

November 2014 delivery to the Missouri Department of Corrections for his sentence on Count II. In contrast, the State argues that Langhans's delivery to the Missouri Department of Corrections in June of 2013 for the 120-day treatment program on Count I's sentence initiated the 180-day period in which Langhans could timely file a Rule 24.035 motion on any sentence within the multi-count judgment.[3] The State further asserts that because Langhans did not file a motion for post-conviction relief within 180 days of his June 2013 delivery, he completely waived any right to proceed under Rule 24.035.

A person who pleads guilty to a felony and correspondingly enters the custody of the Missouri Department of Corrections may seek post-conviction relief in the sentencing court through the procedure established by Rule 24.035. Lenoir v. State, 475 S.W.3d 139, 141 (Mo. App. E.D. 2014). By its plain language, Rule 24.035 permits claims for post-conviction relief that assert the ineffective assistance of counsel in violation of the Constitution and laws of Missouri or the Constitution of the United States. However, Rule 24.035 expressly provides that the movant must raise any such claims within 180 days of the date the movant is delivered to the Missouri Department of Corrections, if there was no appeal of the underlying judgment or sentence. Rule 24.035(b); Phelps v. State, 351 S.W.3d 269, 270 (Mo. App. W.D. 2011). The delivery of the movant into the custody of the Missouri Department of Corrections for a 120-day treatment program pursuant to Section 559.115 initiates the 180-day period in which the movant may file a Rule 24.035 motion. Roberts v. State, 407 S.W.3d 89, 91 (Mo. App. W.D. 2013). Failure to abide by the timing requirements prescribed by Rule 24.035 results in the dismissal of

---

[3] Even though the State raises this issue for the first time on appeal, neither party can waive compliance with the timing requirements as prescribed by Rule 24.035 or Rule 29.15. Accordingly, we must address this issue. Dorris v. State, 360 S.W.3d 260, 268 (Mo. banc. 2012); Asher v. State, 390 S.W.3d 917, 918 (Mo. App. E.D. 2013).

4

the movant's claim and a complete waiver of any right to proceed under Rule 24.035.[4] Lenoir, 475 S.W.3d at 141–42.

Here, Langhans's June 2013 delivery to the Missouri Department of Corrections for the 120-day treatment program on Count I's sentence initiated the 180-day period as to the conviction on Count I. See, e.g., Asher, 390 S.W.3d at 917–18; Roberts, 407 S.W.3d at 91. The issue before this Court is whether the June 2013 delivery also initiated the 180-day period as to the sentence for Count II, even though the execution of Count II's sentence was suspended at the time of the June 2013 delivery.

Although the plain language of Rule 24.035 is silent on this point, the Supreme Court of Missouri in Swallow v. State clarified the timing requirements for filing a Rule 24.035 motion in cases involving a multi-count judgment. 398 S.W.3d 1, 4–5 (Mo. banc 2013). In Swallow, the movant pled guilty to one count each of assault and armed criminal action. Id. at 2. The circuit court sentenced the movant to twenty years' imprisonment for the assault charge and a concurrent three-year prison sentence for the armed-criminal-action charge. Id. On the assault charge, the circuit court suspended execution of the sentence and placed the movant on probation. Id. On the armed-criminal-action charge, the circuit court ordered the immediate execution of the sentence, resulting in the movant's delivery to the Missouri Department of Corrections in March of 2006. Id. at 2–3. The movant completed his sentence for the armed-criminal-action charge and was released from custody. Id. at 3.

The circuit court later revoked the movant's probation on the assault conviction and ordered the execution of the sentence. Id. The movant was delivered to the custody of the Missouri Department of Corrections shortly thereafter. Id. Within 180 days of this second

---

[4] There is a narrow of list of exceptions to the strict timing requirements of Rule 24.035 and Rule 29.15. See Talley v. State, 399 S.W.3d 872, 875 (Mo. App. S.D. 2013). However, these exceptions are not pertinent to this appeal.

5

delivery to the Missouri Department of Corrections, the movant filed a Rule 24.035 motion alleging ineffective assistance of counsel. Id.

The Swallow court determined that the movant's Rule 24.035 motion was untimely and therefore barred. Id. at 7. Specifically, the court ruled that when the movant was "delivered to the department of corrections for his [armed-criminal-action] conviction, Rule 24.035 required him to file a motion within 180 days that raised all of his known challenges to the judgment against him, which encompassed both convictions and both sentences that were imposed, whether executed or not." Id. at 5.

In reaching this conclusion, the court emphasized the purpose of Rule 24.035 is to provide a prompt review of a potential deficiency in any judgment or sentence. Id. at 4. Indeed, the framework of Rule 24.035 intends to provide to the movant a "single, unitary, post-conviction remedy, to be used in the place of other remedies." Id. (citing State ex rel. Nixon v. Jaynes, 63 S.W.3d 210, 214 (Mo. banc 2001)). To that end, the court found that permitting delays in raising Rule 24.035 motions until subsequent deliveries to the Missouri Department of Corrections under the same judgment would frustrate the rule's purpose. Id.

Additionally, the court found that the plain language of the rule militates against an interpretation allowing the timing requirements for Rule 24.035 motions to begin anew after a subsequent delivery to the Missouri Department of Corrections under the same judgment. Id. Specifically, the court noted that Rule 24.035(d) expressly requires a movant to include in his or her initial motion "*every claim* known to the movant for vacating, setting aside, or correcting the judgment or sentence." Id. (emphasis added). Further, the court observed that Rule 24.035(l) prohibits successive motions in order to ensure that movants receive a single, but prompt and meaningful, post-conviction relief opportunity. Id.

6

Finally, the court concluded that allowing a delay in raising claims until a subsequent delivery could infuse problems pertaining to issue preclusion, the potential of inconsistent rulings, and absurd results in rulings on Rule 24.035 motions. Id. at 5. Accordingly, the court stated, "[T]o contend that the rule permits a motion whenever a sentence begins could lead to the absurd result that consecutive sentences could be challenged by a separate motion as each sentence begins, whereas, if the sentences are concurrent, only one motion is permitted dealing with all issues." Id.

We read Swallow to require a movant, whose unappealled final judgment includes sentences on multiple felony counts, to raise any known Rule 24.035 claims within 180 days of his or her initial delivery to the Missouri Department of Corrections on any such counts contained within the judgment. Applying Swallow required Langhans to raise any ineffective assistance of counsel claims he may have asserted on either Count I or Count II within 180 days of his June 2013 delivery to the Missouri Department of Corrections.

Langhans posits that Swallow is distinguishable as the movant there received a judgment with concurrent sentences, and so any time served for the movant's armed criminal action necessarily accrued towards the movant's assault charge for which the execution was suspended. See id. at 2–3. To Langhans, the movant in Swallow was thus already delivered to the Missouri Department of Corrections *on both counts* when he began serving his armed criminal action sentence.

We are not persuaded by Langhans's argument. While we acknowledge the factual distinction offered by Langhans, Swallow clearly rejects allowing movants to raise Rule 24.035 claims at each "subsequent delivery" in a judgment containing consecutive sentences. Id. at 5. Indeed, the Supreme Court of Missouri called this an "absurd result" that would necessitate

7

duplicative motions at the start of each new sentence to resolve any Rule 24.035 claims against a single judgment—a result counter to the purpose of Rule 24.035. Id. at 4–5.

Further, adopting Langhans's argument—that a movant who is serving consecutive sentences with the Missouri Department of Corrections under a single judgment must file a Rule 24.035 motion at the start of each new sentence—would result in the possibility of inconsistent rulings on subsequent claims for post-conviction relief and in successive motions to fully resolve the legality of a single judgment. Swallow's concerns pertaining to inconsistent rulings and successive motions apply equally to Rule 24.035 motions filed upon subsequent deliveries on consecutive sentences. As a result, we hold that a movant, whose unappealled final judgment includes consecutive sentences on multiple felony counts, must raise any known Rule 24.035 claims within 180 days of his or her initial delivery to the Missouri Department of Corrections on any such counts contained within the judgment.

Here, Langhans received the benefit of his plea bargain, as it afforded him the opportunity of minimal imprisonment if he complied with the terms of his probation. Pursuant to this plea bargain, Langhans entered the custody of the Missouri Department of Corrections in June of 2013. If Langhans believed any part of his sentence or the judgment against him violated the Constitution or laws of Missouri or the Constitution of the United States, he was required to raise such claims at that time or within 180 days thereafter. Instead, Langhans waited, filing his Rule 24.035 motion after the circuit court revoked his probation and ordered the execution of his sentences. By waiting to file until after the expiration of the 180-day period that commenced with his June 2013 delivery to the Missouri Department of Corrections, Langhans's pro se motion was untimely under the strict time limits of Rule 24.035. See Unnerstall v. State, 53 S.W.3d 589, 591–92 (Mo. App. E.D. 2001). As Langhans's pro se Rule 24.035 motion was

8

untimely, the motion court lacked the authority to address the merits of his ineffective assistance of counsel claim. Id. Accordingly, the motion court was obligated to dismiss Langhans's amended Rule 24.035 motion.

## Conclusion

We vacate the judgment of the motion court and remand the cause to the motion court with directions to enter an order dismissing Langhans's amended Rule 24.035 motion as untimely.

_____

KURT S. ODENWALD, Judge

James M. Dowd, P.J., concurs.
Gary M. Gaertner, Jr., J., concurs.

9