

# Missouri Court of Appeals

## Southern District

### Division One

ANDREW LUKE LEMASTERS,  )
           )
 Defendant-Appellant,  )
           )
v.           )  No. SD35490
           )
STATE OF MISSOURI,   )  **Filed:  April 2, 2019**
           )
 Plaintiff-Respondent.  )

### APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable Timothy Wayne Perigo

### REVERSED AND REMANDED WITH INSTRUCTIONS

Andrew Luke Lemasters ("Movant") appeals the denial of his amended Rule 29.15[1] motion for post-conviction relief.  Because his original, *pro se* motion was not timely filed and did not claim that the tardiness was the result of third-party interference, his claim was waived, and the motion court clearly erred in failing to dismiss the motion.

### Background

Movant was originally charged with two counts of the unclassified felony of first-degree statutory sodomy for having deviate sexual intercourse with a victim less than 12

---

[1] All rule references are to Missouri Court Rules (2018).

1

years old. *See* section 566.062.[2] Movant's jury trial was held in Newton County in 2013, and the State dismissed the second count before the case was submitted to the jury. The jury was instructed on that one remaining count of statutory sodomy, and it returned a verdict finding Movant guilty of that offense. At sentencing, the trial court orally imposed a 31-year sentence for that single count of statutory sodomy, but its written judgment mistakenly indicated that Movant had been convicted of *two* counts of statutory sodomy.

Movant filed a direct appeal that, *inter alia*, claimed the trial court erred in entering a written judgment that reflected convictions for two counts of first-degree statutory sodomy when Movant had only been convicted of one count of that offense. On July 14, 2014, while Movant's direct appeal was still pending, and presumably unbeknownst to Movant and the appellate courts,[3] the trial court entered an amended judgment that corrected the clerical error in its original judgment by showing the second count as "Dismissed by Prosec/Nolle Pros[.]"

The State conceded the error in the original written judgment, and our supreme court agreed. **Lemasters**, 456 S.W.3d at 426. In doing so, our high court found the error to be "the prototypical circumstance [] for an order *nunc pro tunc* correcting the written judgment to reflect what actually occurred." **Id.** The Court affirmed the judgment as to one count of statutory sodomy, *vacated* the judgment as to the second count, and "remanded with directions that the trial court vacate its judgment with respect to the second count of statutory sodomy." **Id.** The Court issued its mandate on March 12,

---

[2] All statutory citations are to RSMo 2000.
[3] After this court issued its opinion in **State v. Lemasters**, No. SD32883, 2014 WL 2838613 (Mo. App. S.D. June 20, 2014), the case was transferred to the Supreme Court of Missouri, which issued its opinion in **State v. Lemasters**, 456 S.W.3d 416 (Mo. banc 2015).

2015, and the mandate directed the Department of Corrections to transport Movant to the Newton County jail to await "further order and action" by the trial court.

Movant filed his *pro se* motion on June 17, 2015, 97 days after the Supreme Court of Missouri issued its mandate, thus 7 days after it could be timely filed in the motion court. *See* Rule 29.15(b).[4] The motion alleged multiple instances of ineffective assistance by trial and appellate counsel, and it acknowledged that the appellate court mandate had issued on March 12, 2015. Despite that acknowledgment, the motion was silent as to the reason why it was not timely filed. Movant knew that the motion could not arrive at the motion court until after its due date of June 10, 2015 because the *pro se* motion was accompanied by an affidavit from Movant asserting that he was eligible to proceed *in forma pauperis*. That affidavit was signed by Movant and notarized at the prison on June 10, 2015.

Despite the fact that the *pro se* motion was not timely filed, and it contained no explanation for the delay, the motion court granted Movant's motion to proceed *in forma pauperis* and appointed the public defender to represent Movant on June 29, 2015. On July 29, 2015, the motion court granted motion counsel an additional 30 days in which to file an amended motion, purportedly making it due on September 27, 2015.

Prior to that deadline, on August 28, 2015, motion counsel filed a MOTION TO TREAT MOVANT'S RULE 29.15 CRIMINAL PROCEDURE FORM 40 AS TIMELY FILED[.] ("Motion to Treat as Timely"). The motion acknowledged that Movant's *pro se* motion was not timely filed, the deadline having passed seven days before the *pro se*

---

[4] Pursuant to Rule 29.15(b), Movant had to file his *pro se* motion within 90 days of the issuance of the mandate from the appellate court.

motion was filed. As justification for the late filing, the Motion to Treat as Timely claimed:

4. Movant's direct appeal counsel instructed Movant by letter (2/25/15 and 3/16/15) and in telephone conversation (3/6/15) regarding the deadline to file.

5. Movant signed his Form 40 on June 10, 2015 and placed it in the mail with the Crossroads Correctional Center.

6. Movant's delay in finalizing his Form 40, with his signature, in part resulted from his having to wait for access to a notary public with the institution; and due to ongoing health issues associated with a major heart health issue. Movant was scheduled for heart surgery on June 15, 2015, to replace a pacemaker, and was in such a state of health his preparation of his Form 40 was delayed.

7. Movant's Form 40 was filed on June 17, 2015.

Movant alleged that his late filing was the result of third party interference in that:

Movant was required to submit a Forma Pauperis Affidavit as part of his Form 40. The affidavit is to be signed and the signature acknowledged by a notary public. Movant was at the mercy of the institution in which he was housed to have access to a notary public. A notary public was not made available until June 10, 2015, at no fault of Movant.

A docket entry dated September 25, 2015, stated that Movant's Motion to Treat as Timely was "[s]ustained[.]"

On September 24, 2015, motion counsel filed the amended motion, and it was heard on the merits just a few days more than two years after it was filed. Before hearing evidence, the motion court noted for the record that it was treating the original motion as if it had been timely filed. After the evidentiary hearing, the motion court denied the motion on the merits, issuing findings and conclusions that included a finding that Movant's delay in filing his original motion was the result of third-party interference.

4

In support of that finding, the motion court cited Movant's allegations[5] that: (1) "he was unable to timely obtain the services of a notary public within the Department of Corrections[,]" as one was not available until the deadline to file; (2) Movant was scheduled to have his pacemaker replaced on June 15, 2015; and (3) Movant's "health was in such a state that he was unable to complete his Form 40 in a more timely manner."

**Analysis**

Movant attempts to appeal the merits of the motion court's denial of post-conviction relief in three points relied on. We need not cite the content of those points because Movant waived his opportunity to seek post-conviction relief when he failed to timely file his *pro se* motion or "alleg[e] and prov[e] by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits[.]" ***Dorris v. State***, 360 S.W.3d 260, 267 (Mo. banc 2012).

It is this "court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules–even if the State does not raise the issue."[6] *Id.* at 268.

> Where an inmate is convicted following a trial and his conviction is affirmed on appeal, the initial post-conviction motion must be filed within ninety days of the appellate court's mandate. Rule 29.15(b). The failure to file a motion within the time provided constitutes a "complete waiver" of any right to proceed under the Rule. *Id.* If a Rule 29.15 motion is not timely filed, the circuit court must dismiss it without addressing the merits. *Talley v. State,* 399 S.W.3d 872, 875 (Mo. App. 2013). A post-conviction motion is considered "filed" when it is deposited with the circuit court clerk. *Miller v. State,* 386 S.W.3d 225, 227 (Mo. App. 2012).

---

[5] No evidence supporting Movant's claims of third-party interference was adduced at the evidentiary hearing.

[6] Although the State did not challenge the timeliness of Movant's original motion in the motion court, it now correctly argues in this appeal that the motion was not timely filed.

*Gunn v. State*, 484 S.W.3d 106, 109 (Mo. App. W.D. 2015).

Movant's *pro se* motion was filed on June 17, 2015 -- 97 days after our high court issued its mandate. In an attempt to forestall a finding of untimeliness by this court, Movant now argues that his original motion was actually filed prematurely because the judgment and sentence in the underlying criminal case is not yet final in that the trial court has not yet carried out our high court's mandate to transport Movant to the trial court "for entry of a new judgment removing the second count."

This argument ignores the fact that the trial court had already noticed and corrected the error by entering an amended judgment on July 14, 2014, an action authorized by Rule 29.12(c), which states: "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders." A *nunc pro tunc* correction, such as the one at issue here, does not constitute a new judgment from which an appeal may be taken. **State v. Nelson**, 505 S.W.3d 869, 872 (Mo. App. W.D. 2016). Having already complied with our high court's eventual direction to correct the written judgment *nunc pro tunc* to reflect Movant's single conviction, nothing remained for the trial court to do.

In addition, Movant did not argue to the motion court that his original motion was premature. Instead, he admitted that it was untimely in the Motion to Treat as Timely. "Claims not presented to the motion court cannot be raised for the first time on appeal." **Goodwin v. State**, 313 S.W.3d 161, 162 (Mo. App. S.D. 2010) (quoting **Day v. State**, 208 S.W.2d 294, 295 (Mo. App. S.D. 2006)). The Motion to Treat as Timely attempted to bring Movant within those

rare circumstances in which such tardiness may be excused. Specifically, when an inmate prepares the motion and does all he reasonably can do to ensure that it is timely filed under Rule 29.15(b), any tardiness that results solely from the active interference of a third party beyond the inmate's control may be excused and the waivers imposed by Rule 29.15(b) not enforced.

*Price v. State*, 422 S.W.3d 292, 301 (Mo. banc 2014).

It was Movant's burden to both plead and prove the timeliness of his *pro se* motion. *Dorris*, 360 S.W.3d at 267; *Henson v. State*, 518 S.W.3d 828, 834 (Mo. App. S.D. 2017). "The facts necessary to support the application of a recognized exception to the time limits must be alleged in the *pro se* motion itself." *Henson*, 518 S.W.3d at 834 (citing *Vogl v. State*, 437 S.W.3d 218, 226 (Mo. banc 2014)). To come within the active-interference-by-a-third-party exception, Movant had to plead that: "(1) he prepared his initial motion and did all that he reasonably could to ensure that it was filed on time; and (2) the late filing of the *pro se* motion resulted solely from the active interference of a third party beyond the movant's control." *Id.* Movant failed to do so.

The motion court's "FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT" entered March 26, 2018 is vacated, and the case is remanded with instructions that the motion court dismiss Movant's original Rule 29.15 motion as untimely filed.

DON E. BURRELL, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS

7