In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

EDWARD WALKER, ) No. ED109158
 )
 Movant/Appellant, ) Appeal from the Circuit Court
 ) of the City of St. Louis
v. )
 )
STATE OF MISSOURI, ) Honorable Joan L. Moriarty
 )
 Defendant/Respondent. ) Filed: July 6, 2021

 OPINION

 Edward Walker (Appellant) appeals the motion court’s denial without an evidentiary

hearing of his “Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence” filed

pursuant to Rule 29.15. We affirm.

 Factual and Procedural Background

 A jury convicted Appellant of murder in the second degree under § 565.021 RSMo. and

armed criminal action under § 571.015 RSMo. on April 5, 2013.1 On October 4, 2013, the trial

court sentenced Appellant to 30 years of imprisonment for murder second degree and 15 years of

imprisonment for armed criminal action, both sentences to be served consecutively. On direct

1
 All statutory references are to RSMo. 2016 unless otherwise noted.
appeal, this court vacated the sentence for murder second degree and remanded the case for a

new penalty phase and for resentencing on that count solely.2

 On remand and prior to the murder second degree penalty phase, Appellant and the state

agreed to a 22-year period of imprisonment regarding the murder second degree conviction. On

June 4, 2019, as agreed and understood by Appellant, the trial court sentenced Appellant to 22

years in the department of corrections for murder second degree and ordered that sentence to be

served consecutively with the previously imposed 15-year sentence for armed criminal action.

 On December 4, 2019, counsel for Appellant filed a motion for post-conviction relief

under Rule 29.15 alleging the trial court violated his constitutional rights protecting against

double jeopardy when it sentenced him to consecutive sentences on both the murder second

degree and armed criminal action convictions.3 Additionally, Appellant asserts the trial court

imposed consecutive sentences in retaliation for Appellant exercising his right to appeal. The

motion court dismissed Appellant’s motion because it was untimely, finding it was filed 183

days after the date of sentencing, which violates the Rule 29.15 deadline provision. Despite the

untimely filing, the motion court addressed Appellant’s substantive claims and found them to be

without merit. This appeal follows.

 Points Relied On

 Appellant argues the motion court erred when it denied his Rule 29.15 motion without an

evidentiary hearing because the consecutive sentences for murder second degree and armed

2
 In State v. Walker, this court held the trial court erred when it precluded Appellant from questioning the
venirepersons about whether they could consider the entire range of punishment for murder second degree. 448
S.W.3d 861 (Mo. App. E.D. 2014).
3
 At times, Appellant refers to Rule 24.035 as the appropriate legal mechanism when seeking relief from this court.
Since Appellant was convicted following a jury trial, we conclude that Rule 29.15 is the appropriate venue of
analysis. Following remand, the court resentenced Appellant to the agreed 22-year sentence involving armed
criminal action but, significantly, he was convicted of this offense following a jury trial, not a plea of guilty. Thus,
Rule 29.15 is applicable.

 2
criminal action violated his constitutional right protecting against double jeopardy. Moreover,

Appellant’s post-conviction motion was erroneously denied because the court imposed

consecutive sentences in retaliation for Appellant’s successful appeal which violates his due

process and equal protection rights, he contends. Further, Appellant claims his post-conviction

motion was timely filed and thus should not have been dismissed without an evidentiary hearing.

 Standard of Review

 This court’s review of a Rule 29.15 motion denial is “limited to a determination of

whether the findings and conclusions of the trial court are clearly erroneous.” Rule 29.15(k); see

also Hopkins v. State, 519 S.W.3d 433, 435 (Mo. banc 2017). The motion court’s findings are

presumptively correct. Davis v. State, 486 S.W.3d 898, 905 (Mo. banc 2016). The court’s

findings and conclusions are clearly erroneous only if a review of the entire record leaves this

court with the “definite and firm impression that a mistake has been made.” Mason v. State, 552

S.W.3d 191, 194 (Mo. App. E.D. 2018).

 Discussion

 Appellant’s Post-Conviction Motion was Untimely

 Appellant argues that because his Rule 29.15 motion for post-conviction relief was filed

within 180 days of the date of his delivery to the department of corrections, his motion is timely.

We disagree.

 Appellant incorrectly relies on a previous version of Rule 29.15(b). The current version

of the rule applicable to this matter specifies that in “all proceedings wherein sentence is

pronounced on or after January 1, 2018,” a movant must file their motion “within 180 days of the

date the sentenced is entered.” Rule 29.15(m); Rule 29.15(b).

 3
 The time limits of Rule 29.15 are constitutional, mandatory and represent a strict

guideline for filing post-conviction motions. Mitchell v. State, 386 S.W.3d 198, 200 (Mo. App.

E.D. 2012); Burgin v. State, 969 S.W.2d 226, 227 (Mo. App. E.D. 1998). According to the rule,

“[f]ailure to file a motion within the time provided by this Rule 29.15 shall constitute a complete

waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that

could be raised in a motion filed pursuant to this Rule 29.15.” Rule 29.15(b).

 Here, Appellant’s post-conviction motion is untimely on its face. Following remand and

pursuant to the agreement crafted by the parties, the trial court sentenced Appellant on June 4,

2019. Per the motion’s certificate of service, Appellant’s motion was filed 183 days later on

December 4, 2019.4 Accordingly, Appellant waived the substantive claims asserted in his

motion.

 Moreover, Appellant does not allege his motion is subject to an applicable exception nor

does he claim a misfiling of his motion on the part of the court. The abandonment doctrine which

excuses the untimely filing of amended motions by appointed counsel is inapplicable here. See

Price v. State, 422 S.W.3d 292, 297 (Mo. banc 2014). This is because the present case involves

the untimely filing of an initial motion. As explained by the Supreme Court of Missouri in Price,

“the abandonment doctrine was created to excuse the untimely filing of amended motions by

appointed counsel under Rule 29.15(e)” and “does not apply to untimely initial motions.” Id.

(emphasis in original). Because Appellant’s initial motion was untimely and not subject to any

applicable exceptions, Appellant was not entitled to an evidentiary hearing and the court properly

dismissed his motion.5

4
 Because the 180th day was a Sunday, the due date was pushed forward to Monday, December 2. Rule 44.01(a).
5
 While dismissal is the appropriate outcome, Appellant’s arguments asserting both a double jeopardy violation and
retaliation also lack merit. Appellant incorrectly relies on State ex rel. Green v. Moore, 131 S.W.3d 803 (Mo. banc
2004), where the Supreme Court of Missouri voided Green’s ACA conviction after finding the accompanying

 4